**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In Re:  David W. Wagner : | | Chapter 7 |
| : | | No. 18-10071 |
| Debtor : | | |
| _____: | | |
| Wesley Holdings Ltd. : | | |
| Plaintiff : | | |
| v. : | | A.P. No. 18- |
| David W. Wagner : | | |
| Defendant : | | |
| _____ | | |

## COMPLAINT

This complaint is brought for a determination that the Debtor should be denied a discharge under Bankruptcy Code (11 U.S.C. §101, *et seq*.) section § 727.

### Parties

1. Plaintiff, Wesley Holdings Ltd. ("Wesley Holdings"), is a limited liability company organized and existing under the laws of the state of Ohio, with its principal place of business at 30100 Chagrin Blvd., Suite 301, Pepper Pike, Ohio 44124.

2. Defendant, David W. Wagner (the "Debtor" or "Mr. Wagner"), is the debtor before this Court in the above-captioned case, having filed a chapter 7 petition for relief with this Court on January 17, 2018.

### Jurisdiction

3. This adversary proceeding is within this Court's jurisdiction pursuant to the provisions of 28 U.S.C. §§157 and 1334 and the provisions of Local Rule LR Gen 109

1

(Bankruptcy) of the United States District Court of Rhode Island, and is a core proceeding under 28 U.S.C. § 157 (b)(2)(J).

**Statement of Case**

4.  Wesley Holdings is objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and (5). It reserves the right to amend this Complaint to provide further bases for objecting to the Debtor's discharge, including, without limitation, based on what is disclosed, produced or not produced in responses to request for information made to the Debtor.

5.  Wesley Holdings is a creditor in this case, holding a security interest and lien on substantially all assets of 3si Systems, LLC ("3si"), an entity owned and/or controlled, including at relevant times, by the Debtor; and holding other claims against the Debtor.

**Facts**

6.  On May 5, 2017, Wesley Holdings initiated litigation against the Debtor and his related entities in the United States District Court for the Southern District of New York, entitled *Wesley Holdings LTD vs. 3si Systems, LLC et al.* (17-cv-03362) (the "District Court Case"). The District Court Case is still pending.

7.  On September 5, 2017, the court in the District Court Case appointed a receiver over all of the assets of 3si, including that comprising the collateral for money loaned by Wesley Holdings.

8.  On January 1, 2018, the Debtor filed a chapter 7 petition with this Court, following which a Bankruptcy Code § 341 meeting was scheduled and held on February 22, 2018. The 341 Meeting was held continued to March 27, 2018, and continued further and held on May 23, 2018. Due to the Debtor having failed to provide all requested information, documents and other papers, the Trustee further continued the 341 Meeting to June 20, 2018, but

this had to be further continued because the Trustee was still awaiting requested information, documents and other papers.

9. At the May 23, 2018 continued 341 Meeting, the Debtor was asked numerous questions regarding his financial status, condition and circumstances prior to the bankruptcy, as well as the financial status, condition and circumstances of entities he owned, controlled and/or in which he was affiliated or otherwise involved.

10. At that time, the Debtor stated he did not have certain financial information, records and papers available to provide important information about certain transfers of assets from either himself or his related companies to others.

11. Specifically, the Trustee inquired about large deposits coming to/from the Debtor's personal or business related accounts, with the Debtor responding he was unsure of why the transfer occurred and had no documentation to support where the questioned transfer was coming from or going to.

**Count I**
**(Objection to Debtor's Discharge Pursuant to Code § 727(a)(3)**

12. Wesley Holdings restates the allegations contained in paragraphs 1 through 11 of its Complaint as if fully set forth herein.

13. Bankruptcy Code § 727(a)(3) provides that:

   (a) The court shall grant the debtor a discharge, unless . . .

   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction might be ascertained, unless such act or failure to act was justified under all of the circumstance of

the case.

14. From the Debtor's 341 Meeting testimony, it is evident that the Debtor has failed to keep or maintain financial records that are necessary to ascertain his financial condition, including the reasons for and details surrounding and associated with certain questioned and inquired about transfers.

15. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727 (a)(3).

**Count II**
**(Objection to Debtor's Discharge Pursuant to Code § 727(a)(5)**

16. Wesley Holdings restates the allegations contained in paragraphs 1 through 15 of its Complaint as if fully set forth herein.

17. Bankruptcy Code § 727(a)(5) provides that:

  (a) The court shall grant the debtor a discharge, unless . . .

  (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

18. The Debtor's schedules to his petition indicate that the Debtor has assets totaling $10,271,384.60 and liabilities of $2,270,801.79. His assets, however, now appear to have considerably less value than has been represented by him in such schedules.

19. The Debtor has failed to satisfactorily explain the loss of certain assets through such unexplained transfers and otherwise and the deficiency of assets to meet his liabilities.

20. Wesley Holdings reserves the right to amend this complaint to include other claims and causes of action under Bankruptcy Code § 727 based on what is recovered and provided, or not, through future 341 Meeting testimony and information, documents, papers and

statements provided during discovery.

WHEREFORE, Wesley Holdings prays that the Court determine, declare and enter judgment for Wesley Holdings under Code §727 as follows:

A. That pursuant to Bankruptcy Code § 727(a)(3) the Debtor not be granted a discharge;

B. That pursuant to Bankruptcy Code § 727(a)(5) the Debtor not be granted a discharge; and

C. For such other and further relief as the Court deems just.

Wesley Holdings Ltd

By its Attorneys,

July 23, 2018

*/s/ Matthew J. McGowan and Elizabeth A. Lonardo*
Matthew J. McGowan, Esquire (Bar No. 2770)
Elizabeth A. Lonardo, Esquire (Bar No. 7714)
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI 02903
401.274.0300
mmcgowan@smsllaw.com
elonardo@smsllaw.com

F:\contents\Wagner\Bankruptcy\Wesley Holdings\Non-Disch-Complaint 727 EAL.docx