UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:  DAVID W. WAGNER                                                                BK No. 18-10071

WESLEY HOLDINGS LTD.

VS.                                                                                                          AP No. 18-01044

DAVID W. WAGNER

## ANSWER OF DEFENDANT

## GENERAL STATEMENT

The following statement should be deemed applicable to each and every response herein:

The Plaintiff read and signed an extensive investment risk disclosure memorandum that was carefully prepared at great expense by outside law firms. The Plaintiff understood the investment was in a "start-up" technology company with extensive risk of failure and no guarantee of success. The Plaintiff was aware that innovative start-up companies survive by raising capital after disclosing risks. Each and every intracompany transaction was undertaken with all due care to employ prudent business judgment applicable to the industry.

Many paragraphs do not name the person or persons to which the paragraph refers. The Defendant makes a blanket denial of all such paragraphs as being too vague or overbroad to be allow Defendant to respond.

## ANSWER

1. The defendant is without sufficient information to admit or deny the allegations of paragraph 1 and leave the plaintiff to its proof. To the extent an answer is required, the allegation should be considered denied.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. No answer.

13. No answer needed.

14. Denied.

15. Denied.

16. No answer needed.

17. No answer needed.

18. Denied.

19. Denied.

20. Denied.

WHEREFORE, the Defendant respectfully requests that the Court deny all relief requested by the Plaintiff and dismiss this case with prejudice and grant such other and further relief for Defendant as the Court deems just.

    David W. Wagner
    By his attorneys,

    /s/RUSSELL D. RASKIN
    BC #1880
    RASKIN & BERMAN

116 East Manning Street
Providence, RI 02906
(401) 421-1363
russell@raskinberman.Com

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, by and through counsel and serve the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense to Plaintiff's Complaint, Defendant asserts that the Plaintiffs have failed to state claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and affirmative defense to Plaintiff's Complaint, Defendant asserts that the plaintiff has failed to state an essential element for its cause of action and has relied upon inadmissible evidence.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense to Plaintiff's Complaint, Defendant requests that the court grant leave to amend this answer to allow additional defenses once additional information is discovered that will allow any additional defenses to be known by the defendant.

David W. Wagner
By his attorneys,

/s/RUSSELL D. RASKIN
BC #1880
RASKIN & BERMAN
116 East Manning Street
Providence, RI 02906
(401) 421-1363
russell@raskinberman.Com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2018, I electronically filed the within Answer with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

- Charles A. Pisaturo    Charlie@pisaturolaw.com, Jenn@pisaturolaw.necoxmail.com
- Matthew J. McGowan    mmcgowan@smsllaw.com, jpado@smsllaw.com;mcgowanmr80313@notify.bestcase.com

and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document electronically filed with the court to the following non CM/ECF participants:

David W. Wagner
55 Downing Street
East Greenwich, RI 02818

/s/ESTHER RASKIN